**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ERIC BURGIE
ADC #120956                                                                                                         PETITIONER

VS.                                     5:06CV00205 WRW/JTR

LARRY NORRIS, Director,
Arkansas Department of Corrections                                                        RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a Petition for a Writ of Habeas Corpus filed by Eric Burgie ("Petitioner"), under 28 U.S.C. § 2254 (Docket entry #2), and Respondent's Motion to Dismiss. (Docket entry #7.) Before addressing the merits of Petitioner's habeas claims, the Court will review the relevant procedural history giving rise to this action.

On July 30, 2001, a Garland County jury convicted Petitioner of the capital murder and aggravated robbery of Jack Wright, based on a theory of accomplice liability. (Docket entry #7, Ex. A.) Petitioner was sentenced to life imprisonment, without the possibility of parole. On direct appeal to the Arkansas Supreme Court, Petitioner's counsel asserted that the appeal lacked merit, and filed a motion to withdraw and brief in support. *See Anders v. California*, 386 U.S. 738 (1976), and Ark. Sup. Ct. R. 4-3(j)(1).

On February 20, 2003, the Court granted the *Anders*' motion filed by Petitioner's counsel and

affirmed Petitioner's judgment of conviction. *Burgie v. State*, 2003 WL 367733 (Ark. 2003) (unpublished *per curiam*). The Court considered and rejected a list of *pro se* points on appeal submitted by Petitioner, pursuant to Ark. Sup. Ct. R. 4-3(j)(2)[1], and reviewed the entire record for adverse rulings, pursuant to Ark. Sup. Ct. R. 4-3(h). Although the Court's decision provides a lengthy discussion of the trial testimony and evidence, the Court concluded that Petitioner's challenge to the sufficiency of the evidence was procedurally barred due to counsel's failure to renew his directed verdict motion at the close of all the evidence. The Court also rejected, on the merits, Petitioner's arguments that the trial court erred in: (1) denying Petitioner's Motion to Suppress his custodial statement; (2) admitting evidence of prior bad acts; (3) admitting evidence of Petitioner's attempted escape from jail; (4) denying Petitioner's *Batson* challenge to the State's peremptory strike of a prospective African-American juror; (5) admitting a photograph of the victim which depicted the lethal gunshot wound; (6) admitting certain victim-impact testimony and evidence during sentencing; (7) granting the State's request to shackle and cuff Petitioner during sentencing; and (8) denying Petitioner a fair trial due to bias from the Court, defense counsel, and the prosecution. *Burgie*, 2003 WL 367733, at *4-12.

On April 30, 2003, Petitioner filed a Rule 37 Petition in Garland County Circuit Court, in which he alleged several grounds for post-conviction relief. (Docket entry #7, Ex. C.) On May 8, 2003, the trial court entered an Order denying the Rule 37 Petition. (Docket entry #7, Ex. D.) As reflected in the Clerk's docket sheet, Petitioner did *not* pursue an appeal from the denial of Rule 37 relief. (Docket entry #7, Ex. E.)

---

[1]Where appellate counsel moves to withdraw and files an *Anders* no-merit brief, the Rule requires the Clerk of the Court to provide a copy of the brief to the appellant, who may then submit a list of points on appeal for the Court's consideration.

Petitioner initiated this habeas action on August 2, 2006. (Docket entry #2.) In his Petition, he purports to raise 23 separate claims for relief under 28 U.S.C. § 2254. In his Motion to Dismiss, Respondent argues that Petitioner's claims are all barred by the statute of limitations. (Docket entry #7.)

For the reasons discussed below, the Court recommends that the Motion to Dismiss be granted, and that this case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

As indicated previously, on February 20, 2003, the Arkansas Supreme Court affirmed Petitioner's judgment of conviction, concluding his direct appeal.[2] Petitioner had ninety days from that date, or until May 21, 2003, to file a petition for writ of certiorari with the United States Supreme Court. See U.S. Sup. Ct. R. 13.1. Petitioner did not file such a petition. Thus, pursuant

---

[2]Although the mandate from the Arkansas Supreme Court did not issue until weeks later, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." U.S. Sup. Ct. R. 13.3 (emphasis added.)

to 28 U.S.C. § 2244, he had one year, from May 22, 2003, to file a Petition for a Writ of Habeas Corpus in federal court.

Petitioner initiated this federal habeas action on August 2, 2006, well in excess of 2 years after the expiration of the one-year statute of limitations. Thus, the Court concludes that Petitioner initiated this action long after the limitations period provided for in § 2244(d)(1).

The AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner filed his Rule 37 Motion on April 30, 2003, and this Motion was denied on May 8, 2003. As indicated previously, Petitioner did not pursue an appeal from the denial of this Motion. Thus, Petitioner is entitled to statutory tolling for only the nine days his Rule 37 Motion was filed and pending. This very brief tolling period does not come close to being sufficient to render this habeas action "timely."[3]

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, the Eighth Circuit has cautioned that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d

---

[3]The same holds true even if the Court were to give Petitioner the benefit of an additional 30 days of statutory tolling, after his Rule 37 Motion was denied, on the theory that this was the statutory time within which he could have filed, but did not file, a Notice of Appeal to the Arkansas Supreme Court.

974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003). Accordingly, equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

In his Response to the Motion to Dismiss, Petitioner argues that equitable tolling is applicable for a number of different reasons. First, he contends that he did not become aware of the factual basis of some of his claims until an unspecified time after his conviction when he obtained certain documents and evidence from a person who appears to have been a charged accomplice, with Petitioner, in the murder and aggravated robbery of Jack Wright. Even if the Court assumes, for the sake of argument, that Petitioner did not discover the basis of certain claims until after the limitations period had run, it does not explain why Petitioner did not file a timely federal habeas Petition based on the claims that he was aware of shortly after the conclusion of his direct state appeal. Petitioner's awareness of those post-conviction claims is evidenced by: (1) the timely list of points on appeal which Petitioner filed after his counsel filed an *Anders* no-merit brief; and (2) the timely Rule 37 Motion which he filed after his direct appeal was affirmed.

Petitioner also claims that his court-appointed lawyer caused him to file an untimely habeas Petition. Petitioner alleges that his attorney would not communicate with him, would not visit him, and refused to provide him with information and documents that he needed to pursue his claims. Petitioner specifically alleges that counsel was biased against him, knew that Petitioner "didn't know anything about the law," and demonstrated "deliberate indifference" and "malicious intent" toward him by withholding "exculpatory evidence" and filing a no-merit brief on direct appeal. According to Petitioner, at the time his attorney engaged in this misconduct, he knew that Petitioner would

likely not be able to properly pursue *pro se* post-conviction relief.

Ineffective assistance of counsel, when it is due to an attorney's negligence or mistake, is not generally considered an extraordinary circumstance for purposes of equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (post-conviction counsel's representation to prisoner that he was "trying to get appointed" for representation, without telling prisoner he was actually preparing a post-conviction motion, was insufficient to establish equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to support equitable tolling). However, "serious attorney misconduct," as opposed to mere negligence, may warrant equitable tolling. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citing *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir.2003) (tolling statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002) (petitioner's "allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations" if petitioner reasonably relied on the attorney's misrepresentations); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir.2001) (noting that claims of attorney misconduct may provide a basis for equitable tolling), *overruled on other grounds* by *Carey v. Saffold*, 536 U.S. 214 (2002); *cf. Rouse v. Lee*, 339 F.3d 238, 250 n. 14 (4th Cir. 2003) (equitable

tolling may be appropriate where attorney conduct reaches the level of "utter abandonment"); *but see Modrowski v. Mote*, 322 F.3d 965, 968-69 (7th Cir.2003) (rejecting attorney misconduct as a basis for equitable tolling because such conduct is "attributable to the client").

In this case, Petitioner's attorney's alleged misconduct falls short of the kind of behavior warranting equitable tolling.  Importantly, Petitioner demonstrated his own ability to pursue *pro se* claims for relief, including allegations of trial error and the alleged deprivation of his Constitutional rights,  well *before* the deadline for initiating this federal habeas action.  After his attorney filed an *Anders* no-merit brief in Petitioner's direct appeal to the Arkansas Supreme Court, Petitioner lodged *pro se* points on appeal with the Court and later filed a *pro se* Rule 37 Motion.  Under these circumstances, Petitioner cannot use his state attorney's alleged misconduct as a basis for equitably tolling the statute of limitations.

Petitioner also argues that he did, in fact, appeal the denial of his Rule 37 Motion, but somehow the Court ignored his appeal.  This is nothing more than an unsupported allegation that is flatly contradicted by the record in this case.  Moreover, the Eighth Circuit has held that equitable tolling is not warranted when a *pro se* prisoner contends that he lacks legal knowledge or resources. *See Preston v. State of Iowa*, 221 F.3d 1343 (8th Cir. 2000).

Petitioner goes on to describe in some detail an alleged incident that occurred on March 17, 2004, while he was incarcerated at the East Arkansas Regional Unit.  He claims that he was prepared to file his federal habeas Petition at this time, but that he was wrongfully implicated in an assault on another inmate which resulted in his property, including "legal work," being taken for several days. He claims that certain research and work was never returned or was damaged on return to him. Petitioner "knew the deadline for filing was almost up," but "knew it would be impossible to prepare

another petition and get it in on time." (Docket entry #8 at 8.)  Petitioner claims that he was then transferred to the "Supermax," where he was again deprived of most of his "legal work" because he could not prove to officials there that he had an open case, and was forced to send his remaining paperwork to his sister in Florida.  According to Petitioner, subsequent hurricanes caused this paperwork to be lost or destroyed.  Having lost all of his "legal work," Petitioner contends that he was forced to prepare the habeas Petition in this case based mainly on memory.  While Petitioner realized that he was time-barred, he did not have a "complete" understanding of the equitable tolling doctrine to enable him to plead the required "extraordinary circumstances" sufficient to justify tolling the statute of limitations.

Suffice it to say, this implausible series of events falls short of the narrow range of "extraordinary circumstances beyond the Petitioner's control" that warrant equitable tolling. Furthermore, these alleged events in no way explain or justify Petitioner's more than 2-year delay in initiating this action.[4]

Finally, Petitioner argues that he is entitled to equitable tolling because he is "actually innocent."  According to Petitioner, he only recently received the original statements of a trial witness that could have been used to contradict her trial testimony, which would have aided in establishing his "actual innocence." (Docket entry #9.)  In *Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003), the Court allowed for the possibility that actual innocence can be used as a basis for equitably tolling the statute of limitations in § 2244(d):

> We do not hold that actual innocence can never be relevant to a claim that the habeas

---

[4]It is noteworthy that approximately nine months *before* Petitioner initiated this habeas action, he was able to file a *pro se* § 1983 action for damages concerning a disciplinary conviction. *Bargie [sic] v. Norris, et al.*, E.D. Ark. No. 5:05CV00317 SWW.

statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Id.* at 978.

Here, Petitioner has failed to show that Respondent prevented him from discovering the relevant facts in a timely fashion or that a reasonably diligent petitioner could not have discovered the facts within the one-year period for filing this habeas action. Accordingly, the Court concludes that equitable tolling is not appropriate in this case.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Respondent's Motion to Dismiss (docket entry #7) be GRANTED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 9th day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE